# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

Lyle W. Cayce
Clerk

No. 09-51131
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME SEGOVIA-CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-733-1

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jaime Segovia-Castillo (Segovia) appeals the 41-month within-guidelines sentence imposed in connection with his guilty-plea conviction for illegal reentry following deportation. He argues that his sentence is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range. He maintains that his offense was merely an international trespass and that his sentence was too severe for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51131

crime. He contends that his sentence fails to account for the age of his prior conviction, his motive for entry, family ties, and work history.

This court reviews the substantive reasonableness of a sentence under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2009). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Segovia argues that this court should not accord his within-guidelines sentence a presumption of reasonableness because the applicable Guideline is not supported by empirical data. This argument is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). He acknowledges this argument is foreclosed but raises the issue to preserve it for possible further review.

This court has determined that the "international trespass" contention raised by Segovia does not justify disturbing an otherwise presumptively reasonable sentence. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The record shows that the district court listened to Segovia's arguments but ultimately determined that a sentence within the guidelines range was appropriate. His arguments are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). He has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion. *See Gall*, 552 U.S. at 51. Accordingly, the district court's judgment is AFFIRMED.